UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DESPINA QUEZADA,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES, et al.,**<br><br>　　　　Defendants. | Case No. 21–cv–13509–CCC–JRA<br><br>OPINION |

**Almonte, U.S.M.J.**

Defendants New Jersey Department of Children and Families ("DCF") and several DCF employees move to vacate the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Mot. to Vacate Entry of Default, ECF No. 16. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons discussed below, Defendants' motion is **GRANTED**.

**I.　BACKGROUND**

This case arises out of allegations that Defendants failed to properly investigate and respond to reports of sexual and physical abuse toward a minor. This Court is not being called upon as a factfinder, but rather it is being asked to resolve a civil procedure question—whether Defendants' delayed response to the Complaint warrants an order denying their motion to vacate the entry of default.

By way of background, Plaintiff Despina Quezada brought this action on behalf of herself and her minor daughter, G.Q.[1] According to the Complaint, in the summer of 2020, Ms. Quezada reported to DCF that G.Q. had been sexually abused. *See* Compl. ¶¶ 55, 161, ECF No. 1. Defendants allegedly failed to take appropriate action, including not removing G.Q. from her father's custody and not reporting the abuse to law enforcement. *Id.* at ¶¶ 57, 61, 99. Such failure allegedly resulted in G.Q.'s father and his paramour physically abusing G.Q., an incident which Ms. Quezada also reported to DCF. *Id.* at ¶¶ 56–63, 175. Plaintiffs seek damages for the alleged mishandling of Ms. Quezada's reports to DCF. *See Id.* at ¶¶ 90–175.

Defendants have not yet responded to the underlying allegations. Plaintiffs filed suit on July 9, 2021. On August 12, 2021, Defendants' counsel notified Plaintiffs' counsel via email that the Office of the New Jersey Attorney General represented DCF and that it was assessing whether it would represent all or just some of the individual Defendants.[2] Mot. to Vacate Entry of Default 1, 4.[3] On September 1, 2021, Defendants' counsel emailed Plaintiffs' counsel confirming that he would be representing all Defendants in this action and indicating that he intended to return the waivers of service, which Plaintiffs' counsel had provided on August 18, 2021. *Id.*

---

[1] Plaintiff Despina Quezada and G.Q. are hereinafter referred to collectively as "Plaintiffs."

[2] The individual Defendants in this action include the following: Christine Norbut Beyer, the Commissioner of DCF; Carmen Diaz-Petti, the Assistant Commissioner of DCF; Patricia Arroyo, a DCF investigator; Marisol Garces, a managerial-level employee with DCF; and Karla Gray, a DCF investigator.

[3] The Court notes that ECF No. 16 was originally filed as a joint letter. On December 17, 2021, however, this Court issued an Order deeming portions of the joint letter a motion to vacate entry of default.

at 5. Defendants' counsel also noted that Defendants were contemplating filing a motion to dismiss. *Id.*

On September 13, 2021, Defendants' counsel signed and returned the waivers of service for each of the Defendants via email to Plaintiffs' counsel and expressed, once again, Defendants' intent to move to dismiss. *Id.* at 2, 6. Each of the waivers expressly provided that Defendants would be required to respond by October 18, 2021. Waivers of Service, ECF Nos. 3–8.

Defendants, however, did not file an answer or otherwise move to dismiss the Complaint by the October 18, 2021 deadline. On October 19, 2021, Plaintiffs requested from the Court entry of default, pursuant to Fed. R. Civ. P. 55(a). Req. for Default, ECF No. 9. On October 20, 2021, the Clerk of the Court granted the request. On October 21, 2021, Plaintiffs filed a motion for default judgment. Mot. for Default J., ECF No. 10. On that same day, Plaintiffs' counsel sent Defendants' counsel, via email, a copy of Plaintiffs' moving papers requesting entry of default, a copy of the Clerk's Entry of Default, and a copy of Plaintiffs' motion for default judgment papers.[4] Mot. to Vacate Entry of Default 3, 7.

Defendants' counsel explains that he inadvertently overlooked the deadlines in this matter due to a significantly increased workload. Mot. to Vacate Entry of Default 6. In September 2021, Defendants' counsel began preparing for trial in a state court matter scheduled to start on October 25, 2021, which occupied a substantial portion of his time. *Id.* Defendants' counsel avers that, for the trial, he

---

[4] Plaintiffs' counsel also sent a copy of these documents to Defendants' counsel via certified mail except for the motion for default judgment papers.

3

was required to take six expert *de bene esse* trial depositions, attend meetings with clients and witnesses, and engage in motion practice related to motions *in limine*. *Id.* Defendants' counsel acknowledges that he overlooked Plaintiffs' counsel's October 21, 2021 correspondence and that it was not until November 30, 2021, when he conducted an internal review of this matter, that he learned of the entry of default and the then-pending motion for default judgment. *Id.* That same day he filed a letter requesting that the Court extend Defendants' time to oppose the motion until December 8, 2021. Letter from Defendants 1, ECF No. 11. The Court permitted the parties to submit briefing on whether the entry of default should be vacated. *See* Mot. to Vacate Entry of Default; Pls.' Opp., ECF No. 18; Defs.' Reply, ECF No. 21.

## II. DISCUSSION

In this Circuit, the entry of a default judgment is disfavored, and decisions on the merits are to be encouraged. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) ("[T]his court has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits."); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 (3d Cir. 2006) (noting that the Third Circuit has a policy of "disfavoring default judgments and encouraging decisions on the merits"); *Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 F. App'x 95, 100 (3d Cir. 2020) ("[T]here is a strong presumption in favor of resolving cases on the merits."). A court may vacate an entry of default for "good cause." Fed. R. Civ. P. 55(c). What constitutes "good cause" is within the Court's discretion. *See Farnese*, 687 F.2d at

763–64; *see also Handle*, 806 F. App'x at 100. But generally, a court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 139–40 (3d Cir. 2017).

Turning to the first factor, this Court finds that Plaintiffs will not be prejudiced if the default is vacated. Plaintiffs' ability to pursue their claims against Defendants will not be hampered. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Although Plaintiffs argue that the Defendants and relevant witnesses may have destroyed records (Pls.' Opp. 4), this assertion is unsupported by any facts before the Court and thus constitutes speculation. To the contrary, Defendant DCF has represented that a litigation hold was issued prior to receiving notice of this action and that it is "actively collecting and preserving the records" relating to this matter. Defs.' Reply 2. Moreover, while a delay in litigation may impact a witness' ability to recall relevant events, as Plaintiffs argue, this Court does not believe that the one-and-a-half-month delay in Defendants' response is prejudicial to Plaintiffs. Accordingly, this factor weighs in favor of vacating the entry of default.

Next, the Court finds that Defendants have presented a meritorious defense. "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (quoting *Tozer v.*

*Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Defendants primarily argue that this Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the sovereign immunity afforded by the Eleventh Amendment.[5] Mot. to Vacate Entry of Default 8–9. It is well-settled that the Eleventh Amendment "bars citizens from bringing suits for damages against any state in federal court." *Abulkhair v. Office of Attorney Ethics N.J.*, No. 16-cv-03767, 2017 WL 2268322, at *5 (D.N.J. May 24, 2017). This immunity extends to state agencies and departments. *Id.* The Court acknowledges that Plaintiffs contest the applicability of sovereign immunity to Count 1 of the Complaint. Pls.' Opp. 5–6. While there are exceptions to Eleventh Amendment immunity, Plaintiffs' argument concerning whether *Nicini v. Morra*, 212 F.3d 798 (3d Cir. 2000), creates an exception in this case is more properly addressed at the motion to dismiss stage. Because Defendants have demonstrated that a meritorious defense to this action exists, this factor also supports an order vacating the entry of default.

Concerning the third factor, the Court finds that Defendants' delay in responding to the litigation does not constitute culpable conduct, but rather excusable neglect. Culpable conduct requires a finding of "willfulness" or "bad faith." *Mrs. Ressler's Food Prods.*, 675 F. App'x at 142. A showing of mere negligence is insufficient to establish culpable conduct. *Id.* Here, the Court accepts Defendants' explanation for the delay. As Defendants' counsel notes, the Defendants'

---

[5] Defendants also argue that: (i) the New Jersey Child Sexual Abuse Act, N.J. Stat. § 2A:61B-1 is inapplicable to this action because the damages Plaintiffs allege arose from a physical assault, not a sexual assault; and (ii) Plaintiff Despina Quezada's failure to serve a tort claim notice bars her own claim(s). (Defs.' Reply 3–4.)

contemplated motion to dismiss was delayed due to a combination of an internal communication failure and Defendants' counsel's increased workload during the relevant period. The Court appreciates Plaintiffs' counsel's diligent attempts to notify Defendants' counsel of the entry of default and the motion for default judgment, but the Court ultimately finds that the totality of the circumstances here suggest that Defendants' failure to respond to the Complaint amounts to an oversight. Defendants' counsel's return of executed waivers of service coupled with his communications with Plaintiffs' counsel about filing a motion to dismiss evince Defendants' intent to respond to this litigation. Mot. to Vacate Entry of Default 2, 7. As Defendants' counsel avers, he entered an appearance and immediately sought to vacate the entry of default upon realizing his oversight during a routine internal review of this matter. Mot. to Vacate Entry of Default 7–8. Moreover, the roughly month-and-a-half delay from the date Defendants' response to the Complaint was due to the date Defendants' counsel actually appeared in this matter, while lengthy, is not so long as to suggest that Defendants acted willfully or in bad faith. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (finding that a six-week delay, based on the record before the Court, was not excusable, but nevertheless did not evince the bad faith requisite to support the district court's decision to refuse to vacate a default judgment). Accordingly, this factor also militates in favor of vacating the entry of default.[6]

---

[6] In their opposition, Plaintiffs argue that alternative sanctions would not be an effective remedy in this matter and indeed do not request any. Pls.' Opp. 7. Because the first three factors warrant setting aside the entry of default, this Court need not consider the imposition of alternative sanctions. *See*

After weighing all the factors, the Court concludes that the entry of default should be vacated. Plaintiffs still will have an opportunity to be heard on the merits and Defendants likewise will be able to present their defense, as preferred in this Circuit. *See Farnese*, 687 F.2d at 764.

## III. CONCLUSION

For the foregoing reasons and for good cause shown, the motion to vacate the entry of default (ECF No. 16) is **GRANTED**. Defendants shall file an Answer or otherwise move to dismiss the Complaint within 14 days of the entry of this Opinion and the accompanying Order.

Dated: May 5, 2022

                                              JOSÉ R. ALMONTE
                                              UNITED STATES MAGISTRATE JUDGE

---

*Hanif v. Atlantic Northeast Transport, Inc.*, No. 16-cv-1776, 2017 WL 2829617, at *3 (D.N.J. June 30, 2017).